FILED
SUPERIOR COURT
OF GUAM

2026 APR 24  PM 2: 16

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANNA B. LUJAN,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID J. LUJAN,<br><br>Defendant. | DOMESTIC CASE NO. DM0464-25 |
| DAVID J. LUJAN,<br><br>Third-Party<br>Plaintiff,<br><br>vs.<br><br>ANGELA B. LUJAN and DOES 1–50,<br><br>Third-Party<br>Defendants. | **DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISQUALIFY PLAINTIFF'S COUNSEL** |

This matter came before the Honorable Dana A. Gutierrez upon Defendant David J. Lujan's two motions (collectively, the "Motions") to disqualify opposing counsel. The Court has expedited the briefing schedule for the Motions. *See* Order After Hearing (Feb. 9, 2026); Order Granting Appl. to Shorten Time (Mar. 6, 2026). Because the parties thoroughly presented their positions in their pleadings, the Court found a motion hearing unnecessary, and took the matter

under advisement on March 30, 2026. Accordingly, upon reviewing the record and applicable law, the Court hereby **DENIES** the Defendant's Motions to Disqualify Plaintiff's Counsel.

## BACKGROUND

This domestic action arises from an action for dissolution of the marriage between Plaintiff Anna B. Lujan ("Anna") and Defendant David J. Lujan ("David"). Anna filed a Verified Complaint for Divorce and Support and an Ex Parte Motion for Temporary Restraining Order against David on December 31, 2025, which Judge Vernon Perez[1] granted on the same day. On January 5, 2026, this Court granted an Amended Order to Show Cause re Temporary Restraining Order against David, setting a hearing on January 9, 2026. *See* Amended Order at 2 (Jan. 5, 2026). On January 8, 2026, the parties filed a Stipulation and Order for Continuance, stating that the parties stipulated that the hearing be rescheduled to January 15, 2026. *See* Stip. and Order for Continuance (Jan. 8, 2026). The Court granted this Order for Continuance. On January 15, 2026, the Court called the hearing and only Attorney Jay Arriola appeared for Anna. *See* Min. Entry (Jan. 15, 2026). On January 16, 2026, the parties filed another Stipulation and Order for Continuance, stating that the parties stipulated that the hearing be rescheduled again to February 5, 2026. The Court also granted this Order for Continuance.

On January 29, 2026, David filed a Response to the Amended Order to Show Cause re Temporary Restraining Order, urging the Court to make "[a]ll Orders . . . mutual and apply to both parties" and "contest[ing] [Anna]'s purported un-sworn allegations" in support of December 31,

---

[1] On December 31, 2025, this case was assigned to Judge John Terlaje. *See* Notice of Judge Assignment (Dec. 31, 2025). Judge Terlaje filed a Form One – Disqualification on January 5, 2026. *See* Form One – Disqualification (Jan. 5, 2026). The case was subsequently reassigned to this Court on the same day. *See* Notice of Judge Assignment (Jan. 5, 2026).

2025 Ex Parte Motion for Temporary Restraining Order. *See* Response to the Amended Order at 1–2 (Jan. 29, 2026). On January 30, 2026, Anna filed a declaration stating, "under penalty of perjury," that her allegations in support of the Ex Parte Motion for Temporary Restraining Order "[are] true and correct except as to those matters averred upon information and belief." *See* Pl.'s Verification of Pl.'s Verification of Pl.'s Decl. in Supp. of Mot. for TRO (Jan. 30, 2026).

On February 4, 2026, David filed an answer to Anna's complaint, asserting counterclaims against Anna, and asserting third-party claims against Angela Lujan, Anna's biological daughter and David's adopted daughter. *See* Def.'s Answer to the Verified Compl. (Feb. 4, 2026). Also on February 4, 2026, David filed his Motion to Disqualify Anna's Counsel for Conflict of Interest ("First Motion"). *See* Def.'s First Mot. (Feb. 4, 2026). The Court held an Order to Show Cause hearing on February 5, 2026. Because David's First Motion raised concerns over whether Anna's counsel could continue to ethically represent her, the Court held in abeyance the January 5, 2026 Amended Order to Show Cause. *See* Order After Hearing (Feb. 9, 2026). Anna filed her Opposition to the First Motion ("First Motion Opposition") on February 19, 2026. *See* Pl.'s First Mot. Opp'n (Feb. 19, 2026). David replied to Anna's First Motion Opposition on February 26, 2026. *See* Def.'s First Mot. Reply (Feb. 26, 2026).

On the same day that David replied to Anna's First Motion Opposition, he filed his Second Motion to Disqualify Plaintiff's Counsel and Request for Limited Evidentiary Hearing ("Second Motion"). *See* Def.'s Second Mot. (Feb. 26, 2026). On March 4, 2026, Anna filed an Application to Shorten Time, requesting an expedited briefing schedule for the Second Motion. *See* Appl. To Shorten Time (Mar. 4, 2026). David opposed shortening time on March 5, 2026. *See* Def.'s Opp'n to Pl.'s Appl. To Shorten Time. The Court found that because both the First Motion and the Second

Motion seek to disqualify Anna's counsel, and because the First Motion has already been expedited, the Court granted the March 4, 2026 Application to Shorten Time. *See* Order Granting Appl. to Shorten Time (Mar. 6, 2026). Anna then filed her Opposition to the Second Motion ("Second Motion Opposition") on March 11, 2026. *See* Pl.'s Second Mot. Opp'n (Mar. 18, 2026). David filed his Reply to Anna's Second Motion Opposition on March 18, 2026. *See* Def.'s Second Mot. Reply (Mar. 18, 2026).

## DISCUSSION

### I.   Legal Standard for Disqualification

"[T]he current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20. The relevant provisions of the Guam Rules of Professional Conduct ("GRCP") that David invokes in his First and Second Motion are GRPC Rule 1.7 and Rule 3.7. GRCP Rule 1.7 forbids a lawyer from "represent[ing] a client if the representation involves a concurrent conflict of interest." On the other hand, GRCP Rule 3.7 proscribes a lawyer from "act[ing] as an advocate at a trial in which the lawyer is likely to be a necessary witness," subject to some exceptions.

"[D]isqualification of counsel is 'a drastic measure which courts should hesitate to impose except when *absolutely necessary.*'" *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 43 (D.D.C. 2004)) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982)) (emphasis added); *Openwave Sys. Inc. v. Myriad France S.A.S.*, 2011 WL 1225978, at *7 (N.D. Cal. Mar. 31, 2011) ("[M]otions for disqualification 'should be subjected to particularly strict judicial scrutiny.'") (citing *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045,

4

1050 (9th Cir.1985)); *Williams v. Aircraft Workers Worldwide, Inc.*, 2010 WL 2943659, at *1 (S.D. Ala. July 22, 2010) ("[I]t bears emphasis that 'disqualification is a drastic measure' that should not be imposed lightly.") (citation omitted). Courts approach a motion to disqualify with caution because such motion is vulnerable to being used as a tactic to delay the case or harass opposing counsel. *See, e.g., Abassi v. BAE Sys. Info. & Elec. Sys. Integration*, 2011 WL 890883, at *1 (S.D. Cal. Mar. 7, 2011) ("Disqualification motions are strongly disfavored and should be subjected to particularly strict judicial scrutiny because they may be misused for tactical purposes, including harassing opposing counsel and delaying litigation.") (citation and quotation omitted); *Pasina v. California Cas. Indem. Exch.*, 2010 WL 11579016, at *3 (D. Nev. Feb. 12, 2010) ("In order to prevent parties from using disqualification motions as 'instruments of harassment or delay,' courts approach the issue of disqualification with caution.").

## II.     Standing to Seek Disqualification

As a threshold matter, the Court considers whether David has standing to challenge Anna's choice of counsel.

"A 'standing' requirement is implicit in disqualification motions. Generally, before the disqualification of an attorney is proper, the complaining party must have or must have had an attorney-client relationship with that attorney." *Fisher v. Taitague*, CVA25-001 (Order at 1 (Mar. 4, 2026))[2] (citing *Cox v. Am. Cast Iron Pipe Co.*, 847 F.2d 725, 729 (11th Cir. 1988)); *see also Guerrero v. Moylan*, 2002 Guam 18 ¶ 49 ("Some jurisdictions find that without an attorney-client

---

[2] This Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Guam R. Evid. 201(b)(2). Orders of the Supreme Court of Guam constitute such sources. *See DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, Guam, 2020 Guam 20 ¶ 13 n.3 ("Generally, the court may take judicial notice of court records."). Accordingly, the Court takes judicial notice of this Order from the Supreme Court of Guam.

relationship or some other relationship imposing a duty of confidentiality, a party has no standing to bring a motion to disqualify based on a conflict of interest.") (collecting cases). This standing requirement is well-established across jurisdictions. *See, e.g., DT Boring, Inc. v. Chicago Pub. Bldg. Comm'n*, 2016 WL 3580756, at *6 (N.D. Ill. June 28, 2016) ("Generally, only a current or former client has standing to seek disqualification of an attorney based on a conflict of interest."); *Loc. Ad Link v. Adzzoo*, 2010 WL 4236687, at *1 (D. Nev. Oct. 14, 2010) ("Generally, only a former or current client has standing to disqualify counsel on the basis of conflict of interest."); *see also Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal. 1999) ("The majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client."). "[I]mposing a standing requirement for attorney disqualification motions protects against the strategic exploitation of the rules of ethics and guards against improper use of disqualification as a litigation tactic." *Great Lakes Constr., Inc. v. Burman*, 114 Cal. Rptr. 3d 301, 309 (Cal. Ct. App. 2010) (citing *Colyer*, 50 F. Supp. 2d at 973).

In this case, David does not contend that he was ever represented by the Arriola Law Firm. Nor does he allege that the firm obtained confidential information from him in a prior representation. Nonetheless, David asserts that he has standing, without supporting case law or statute, because "the fairness and integrity of proceedings are implicated," *see* Def's First Mot. Reply at 3, and that this Court "possess[es] an independent, continuing duty to supervise attorney conduct and ensure that proceedings before it are free from material conflicts of interest," *see* Def.'s Second Mot. at 8.

The Court is not persuaded that David's references to "integrity" and "fairness" give him standing. *See, e.g., S.E.C. v. King Chuen Tang*, 831 F. Supp. 2d 1130, 1142–43 (N.D. Cal. 2011) ("[A] generalized attorney interest in the integrity of the legal system [is] insufficient . . . to support standing in an attorney to move to disqualify opposing counsel.") (citing *Colyer*, 50 F.Supp.2d at 973) (omission in original); *Wade v. Nationwide Mut. Fire Ins. Co.*, 225 F. Supp. 2d 1323, 1331 (S.D. Ala. 2002) ("Protecting the integrity of the judicial system, however, is not a separate ground of disqualification . . . Absent proof that an ethical violation has occurred, disqualification cannot be ordered simply to safeguard some abstract notion of integrity.") (citation omitted).

The Court, however, agrees with David that the Court has the authority to disqualify an attorney where warranted. *See In re 3DFX Interactive, Inc.*, 2008 WL 8448326, at *6 (B.A.P. 9th Cir. Feb. 6, 2008) ("Courts have the power to disqualify an attorney based on their inherent authority to supervise the attorneys before it.") (citation omitted); *U.S. ex rel. Guzall v. City of Romulus*, 2014 WL 5090856, at *5 (E.D. Mich. Oct. 9, 2014) ("All courts have the inherent authority to disqualify an attorney from a case.") (citing *D.H Overmyer Co. v. Robson*, 750 F.2d 31, 33–34 (6th Cir.1984)); *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1166 (C.D. Cal. 2014) ("The power to disqualify an attorney is rooted in a court's inherent powers and is within a court's discretion.") (citing *Oaks Mgmt. Corp. v. Superior Ct.*, 51 Cal. Rptr. 3d 561, 567 (Cal. Ct. App. 2006)).

Nevertheless, invoking this authority does not relieve David of his responsibility to establish standing. *See In re Centurylink Sales Pracs. & Sec. Litig.*, 2020 WL 3513547, at *6 (D. Minn. June 29, 2020) ("A party moving to disqualify counsel must first show that it 'has standing to raise the issues in [its] disqualification motion.'") (citing *O'Connor v. Jones*, 946 F.2d 1395,

1400 (8th Cir. 1991)) (alteration in original); *see also Frank Gari Prods., Inc. v. Smith*, 2012 WL 12895903, at *2 (C.D. Cal. June 15, 2012) ("A complaining party who files a motion to disqualify is required to have standing.") (citing *Blue Water Sunset, LLC v. Markowitz*, 192 Cal. App. 4th 477, 485 (Cal. Ct. App. 2010)).

Accordingly, the Court finds that David lacks standing to disqualify Anna's counsel, and **DENIES** the First Motion and the Second Motion on this ground. Although the Court finds that David lacks standing in this case, the Court nonetheless addresses the other arguments raised by David in his Motions.

### III. David's "Appearance of Impropriety" Argument

David argues at length that prior adversarial interactions between himself and members of the Arriola Law Firm warrant disqualification. *See* Def.'s First Mot. at 2 (alleging "multiple highly adversarial and public courtroom proceedings with partners of the Arriola Law Firm"). In addition, David contends that Attorney Jay Arriola "is currently co-defense counsel" with David and his counsel, Attorney Phillips. *See* Def.'s First Mot. at 4. According to David, "[t]his creates a serious appearance of impropriety and raises reasonable concerns regarding counsel's ability to exercise independent professional judgment free from personal interests, as required by Rule 1.7." *See id.*; *see also id.* at 5 ("This creates the appearance that counsel's personal interests materially limit their professional judgment in violation of Rule 1.7.").

David's argument fails as a matter of law. The Supreme Court of Guam has expressly rejected the "appearance of impropriety" standard as an independent basis for attorney disqualification. In *Barrett-Anderson*, 2018 Guam 20 ¶ 18, the Court states:

8

> In analyzing our past authority, the interceding legislative changes, and the judiciary's historical development, we find that the "appearance of impropriety" standard ceased to be the standard for attorney disqualification after the 2003 adoption of the Guam Rules of Professional Conduct for criminal actions filed after the rules' effective date and for all subsequent attorney conduct in pending civil cases.

As noted, the relevant standard is "whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Id.* at ¶ 20. Accordingly, absent evidence substantiating a conflict of interest in violation of GRCP Rule 1.7, David's arguments of "appearance of impropriety" do not warrant disqualification of Anna's counsel.

Accordingly, the Court **DENIES** David's Motions on this ground.

## IV.     Alleged Conflict under GRCP Rule 1.7

David argues that the Arriola Law Firm might have a conflict under Rule 1.7 because of speculated prior communications with Angela, a third-party defendant in this case. *See* Def.'s Second Mot. at 6. However, David provides no evidence that the Arriola Law Firm ever represented Angela or entered into an attorney-client relationship with her. Conjectures of conflict under GRPC Rule 1.7, without evidence establishing the existence of an attorney-client relationship or any professional duty owed to Angela, do not justify disqualification. *See, e.g.,* *Mills v. Hausmann-McNally, S.C.,* 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014) ("A moving party bears the burden of proving that an actual conflict of interest in violation of Rule 1.7 exists, rather than merely a potential one."); *In re Enron Corp.,* 2005 WL 3873898, at *8 (Bankr. S.D.N.Y. Aug. 15, 2005) ("However, 'disqualification based on mere speculation [by the movant of disqualification] will not suffice.'") (citation omitted) (alteration in original).

9

David requests a "limited evidentiary hearing" to clarify "whether a professional or confidential relationship existed with Angela." Def.'s Second Mot. at 9. "An evidentiary hearing is only required 'where material facts are in dispute concerning a motion for disqualification.'" *United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC*, 2013 WL 12082739, at *5 (S.D. Fla. Sept. 6, 2013) (citing *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. 4th Dist. Ct. App. 2002)); *see also Johnson v. Gloucester Cnty. Improvement Auth.*, 2019 WL 13277445, at *5 (D.N.J. Mar. 26, 2019) ("Where material facts, necessary to determine disqualification, are in dispute, a trial court will generally conduct an evidentiary hearing on the matter.") (citing *Farrell v. Hess Oil Virgin Islands*, 2012 WL 3536799, at *1 n.20 (V.I. Super. Aug. 6, 2012)).

Evidentiary hearing is not meant to be a "fishing expedition" in search of a conflict of interest, especially when party seeking disqualification has not submitted any evidence pointing toward a conflict of interest. *See United States v. Caraang*, 2018 WL 2216103, at *1 (W.D. Wash. May 15, 2018) ("An evidentiary hearing is required 'only when . . . contested issues of fact exist.'") (citing *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)); *Sompo Japan Ins. Co. of Am. Inc. v. VIP Transp., Inc.*, 2008 WL 11410111, at *2 (N.D. Cal. Aug. 12, 2008) ("The Court is only required to conduct an evidentiary hearing if there is a dispute over material facts."); *see also Lynch v. Webb*, 2005 WL 1712447, at *2 n.1 (E.D. Ky. July 1, 2005) ("[T]he circuit court was not required to hold an evidentiary hearing so Lynch could go on a fishing expedition in hopes of proving a nonexistent conflict [of interest].") (citation omitted).

Here, the relevant facts are not in dispute. The record before the Court indicates that Angela is represented by separate counsel and that the Arriola Law Firm represents only Anna. The Arriola

Law Firm states that "Angela is neither a current client nor a former client." *See* Pl.'s Second Mot. Opp'n at 5; *see also id.* at 1 ("The Arriola Law Firm does not represent Angela Lujan in this or any other matter."). David has not submitted any evidence to show that the Arriola Law Firm previously represented Angela or otherwise entered into a professional relationship with her. For that reason, David's request for an evidentiary hearing is **DENIED** and disqualification on this ground is also **DENIED**.

### V. Alleged Lawyer-as-Witness Issue under GRCP Rule 3.7

David also argues that disqualification may be required under Rule 3.7 because Plaintiff's counsel may become a witness regarding communications that led to the filing of the temporary restraining order.

GRCP Rule 3.7 only prohibits a lawyer from "act[ing] as advocate *at trial* in which the lawyer is likely to be a necessary witness," it does not prevent an attorney from participating in other activities in the case, nor does it result in a disqualification of the attorney. *See, e.g., Moulder v. Davis Sch. Dist.*, 2026 WL 685663, at *3 (D. Utah Mar. 11, 2026)[3] ("[A]lthough Rule 3.7(a) generally bars a necessary witness from acting as an advocate at trial, it does not automatically disqualify such a witness from acting as counsel during pre-trial proceedings.") (citation omitted); *My Left Foot Children's Therapy, LLC v. Certain Underwriter's at Lloyd's London*, 2020 WL 13553265, at *1 (D. Nev. Mar. 25, 2020) ("[R]ule [3.7] does not mandate complete disqualification of an attorney who may be called as a witness; by its plain terms, [Rule 3.7] simply prohibits the

---

[3] The version of Rule 3.7 discussed in all these cases are similar, if not identical, to GRPC Rule 3.7. For that reason, these cases are persuasive authority to the Court's analysis. *See, e.g., Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶ 16 ("Guam courts have considered courts of other states interpreting statutes similar to laws of Guam to be persuasive authority."); *Fagan v. Dell'Isola*, 2006 Guam 11 ¶ 39 n.8 (same).

attorney from appearing as trial counsel.") (citation omitted) (alteration in original); *Residences at Bay Point Condo. Assoc., Inc. v. Chernoff Diamond & Co., LLC*, 2017 WL 3531683, at *13 (D.N.J. Aug. 17, 2017) ("More importantly, however, New Jersey RPC 3.7(a) 'prohibits an attorney who may be a necessary witness from acting as an advocate at trial, but does not prevent representation at the pretrial stage.'") (citing *Truong v. 325 Broadway Assocs. LLC*, 557 B.R. 326, 336 (D.N.J. 2016)).[4]

In addition, David contends that "[i]f contested testimony reveals divergence regarding who supplied factual representations [to support the Temporary Restraining Order against David], [Anna's] [c]ounsel may possess personal knowledge of disputed communications." Def.'s Second Mot. at 7. He argues that "[i]f Angela communicated information to [Anna's] [c]ounsel that formed the basis of the allegations used to obtain emergency relief, [Anna's] [c]ounsel may possess firsthand knowledge regarding" what Angela said, when she said, and how the allegations used to support the Temporary Restraining Order "were developed." Def.'s Second Mot. Reply at 5.

The Court is not persuaded that David's argument suffices to show Anna's counsel is likely to be a *necessary* witness. "A lawyer is a 'necessary' witness under Rule 3.7 if his or her testimony is material and unobtainable elsewhere." *See, e.g., Rosen v. Protective Life Ins. Co.*, 2010 WL 2014657, at *13 (N.D. Ga. May 20, 2010) (citation omitted); *Edelstein v. Stephens*, 2018 WL 4854593, at *6 (S.D. Ohio Oct. 5, 2018) ("An attorney is a necessary witness under Ohio law if

---

[4] The Court further notes that because the focus of GRCP Rule 3.7 is on "advoca[cy] at trial," invoking this rule at an early stage of the case is premature. *See, e.g., DT Boring, Inc. v. Chicago Pub. Bldg. Comm'n*, 2016 WL 3580756, at *5 (N.D. Ill. June 28, 2016) ("Because the instant action is merely in the pleading stage, and Rule 3.7 speaks of disqualification only at trial, plaintiff's motion is premature.") (citation omitted); *Reed v. S. Illinois Univ.*, 2020 WL 3077186, at *2 (S.D. Ill. June 10, 2020) ("However, the plain language of the rule refers to disqualification only at trial, and given that the case is still in the pleading stage, such an argument is clearly premature."); *Residences at Bay Point Condo. Assoc., Inc.*, 2017 WL 3531683, at *13 ("Courts in this District have consistently declined to disqualify counsel based on RPC 3.7, when the motion was brought during the pretrial stage.").

her 'testimony is relevant and material to the determination of the issues being litigated and unobtainable elsewhere.'") (citation omitted); *Brown v. Thornell*, 2024 WL 6841312, at *50 (D. Ariz. June 27, 2024) ("A lawyer-witness is considered 'necessary' for purposes of ER 3.7 if the proposed testimony is relevant, material, and unobtainable elsewhere.").

The factual matters referenced in David's Motions are matters within the personal knowledge of the parties themselves and any other fact witnesses and therefore is not "unobtainable elsewhere." The mere fact that Anna's counsel was involved in obtaining the Temporary Restraining Order against David does not turn her counsel into a necessary witness, especially when other fact witnesses, such as Anna and Angela themselves, can provide their own testimony. *Ello v. Singh*, 2006 WL 2270871, at *6 (S.D.N.Y. Aug. 7, 2006) ("A lawyer's testimony is 'necessary,' '*only* if there are no other witnesses to the circumstances at issue.'") (citation omitted) (emphasis in original); *United States v. Davidson*, 2008 WL 1777419, at *5 (E.D. Mo. Apr. 16, 2008) ("[T]he mere relevance and usefulness of an attorney's testimony at trial is insufficient to show him to be a necessary witness subject to disqualification . . . .").

Accordingly, the Court **DENIES** disqualification on this ground.

### CONCLUSION

For the reasons stated above, David's Motions are **DENIED**.

**SO ORDERED this 24ᵗʰ day of April, 2026.**

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

13